**U.S. Department of Justice**

United States Attorney's Office
Eastern District of Louisiana

---

*Dorothy Manning Taylor*
*Assistant United States Attorney*

Hale Boggs Federal Building
500 Poydras Street, Room 210 B, Second Floor
New Orleans, Louisiana 70130

Telephone: (504) 680-3083
Facsimile: (504) 589-4510

September 24, 2008

**U. S. DISTRICT COURT**
**Eastern District of Louisiana**

VIA US MAIL AND FAX - 409-832-5611
Joseph C. Hawthorn, Esq.
Hawthorn and Hawthorn, P.C.
485 Milam
Beaumont, Texas. 77701-3518

FILED SEP 2 4 2008

**LORETTA G. WHYTE**
Clerk

Re: United States v. Cypress Bayou Industrial Painting, Inc.
Criminal No. 08-211 "C" (3)

Dear Mr. Hawthorn:

In compliance with the holding of <u>Bryan v. United States</u>, 492 F.2d 775 (1974) and with Rule 11 (c)(1)(C) of the Federal Rules of Criminal Procedure, the Government wishes to acknowledge the following agreement which was reached between the Government and Cypress Bayou Industrial Painting, Inc. (the Company), the defendant in the above-captioned proceeding. As defendant's counsel, you have reviewed the terms of this agreement and have been advised by the Company that the Company fully understands the terms of this agreement. The Company by resolution attached hereto has authorized you to enter into this plea agreement.

The Government has filed a one count Bill of Information charging the Company with a misdemeanor violation of the Federal Water Pollution Control Act, Title 33, United States Code, Section 1319(c)(1)(A). The Company understands that the maximum penalty it faces is a fine of not less than $2,500 nor more than $25,000 per day of violation, or the greater of twice the gross gain to the defendant or twice the gross loss to any person under Title 18, United States Code, Sections 3571(c)(5) and 3571(d).

It is also understood that the restitution provisions of Title 18, United States Code, Sections 3663 and 3663A will apply, and the Company agrees that any restitution imposed will be non-dischargeable in any bankruptcy proceeding and that defendant will not seek or cause to be sought a discharge or a finding of dischargeability as to the restitution obligation.

Further, the Company understands that a mandatory special assessment fee of $125.00 shall be imposed under the provisions of Title 18, United States Code, of Section 3013(a)(1)(B)(iii). This special assessment must be paid on the date of sentencing. Failure to pay this special assessment may result in the plea agreement being void.

Pursuant to Rule 11(c)(1)(C), Federal Rules of Criminal Procedure, and the agreement made between the Government and the Company, the Government and the Company agree and stipulate to the

Mr. Lum Hawthorne
September 24, 2008
Page -2-

(1) The Company shall plead guilty to the one count Bill of Information charging the Company with a misdemeanor violation of the Federal Water Pollution Control Act, Title 33, United States Code, Section 1319(c)(1)(A), arising from the Company's negligent discharge of pollutants into a water of the United States between in or about March 2004, and April 2004, as more thoroughly described in a mutually acceptable Factual Basis submitted herewith;

(2) In exchange for the Company's guilty plea, the Government agrees that it will not bring any other charges against the Company and its subsidiaries, arising from or related to any and all conduct known to the Government, in the Eastern District of Louisiana, at the time of the relevant plea agreement including the activities described in paragraph (1) and more specifically set forth in the Factual Basis;

(3) The Company shall be placed on probation for a term of three (3) years;

(4) As a Special Condition of Probation, the Company agrees to do the following:

(A) Instruct, train, and advise its employees that containment is required to prevent sand blasting debris and other pollutants from being discharged into the environment during sand blasting operations; and in the event they observe such discharges to stop work until adequate containment is provided and notify the Company of such non containment. This training shall be provided to every current employee of the Company involved in sand blasting operations within sixty (60) days of the date of sentencing. Every new employee involved in sand blasting operations shall obtain this training within sixty (60) days after beginning employment with the Company. The Company shall provide a document to the U.S. probation office certifying that each employee has received this instruction within one (1) year of the date of sentencing and shall provide updated certification every year with the names of all new employees that have received the training.

(B) Appoint a high level official of the Company to act as an internal reporting designee who will be responsible for receiving notification from employees and members of the public when sand blasting activities result in the discharge of pollutants into the environment outside the containment areas. This official will also be responsible for notifying the appropriate government state and federal agencies, including the United States Coast Guard, when discharges of pollutants into U.S. waters from these sand blasting activities occur. The Company shall provide the name and

Mr. Lum Hawthorne
September 24, 2008
Page -3-

position of this official to the U.S. probation office within sixty (60) days of the date of sentencing.

(5) The Government agrees to accept $60,000 as an appropriate punitive fine amount to be paid on the day of sentencing.

(6) The Company shall also pay a mandatory special assessment fee of $125.00 under the provisions of Title 18, United States Code, Section 3013. This special assessment must be paid on the date of sentencing. Failure to pay this special assessment may result in the plea agreement being void.

(7) Restitution is not applicable in this case.

The parties have entered into this plea agreement under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure with the understanding that the Court will accept or reject the agreement but may not modify its terms. If the District Court modifies any portion of the plea agreement, the Company has the right to withdraw the guilty plea.

Except as otherwise provided in this paragraph, The Company hereby expressly waives the right to appeal this sentence on any ground, including but not limited to any appeal right conferred by Title 18, United States Code, Section 3742 on the Company, and the Company further agrees not to contest this sentence in any post-conviction proceeding, including but not limited to a proceeding under Title 28, United States Code, Section 2255. The Company, however, reserves the right to appeal any sentence imposed that does not comply with the above stipulated sentence.

The Company further waives any right to seek attorney's fees and/or other litigation expenses under the "Hyde Amendment," Title 18, United States Code, Section 3006A and the Company acknowledges that the Government's position in the instant prosecution was not vexatious, frivolous or in bad faith.

Further, the Company understands that any discussions with defendant's attorney or anyone else regarding sentencing guidelines are merely rough estimates and the Court is not bound by those discussions. The defendant understands that the sentencing guidelines are advisory and are not mandatory for sentencing purposes.

The stated $60,000 fine and $125 special assessment represent the total amount to be paid by the Company pursuant to the guilty plea and no other fine/restitution shall be applicable in this case. The Company agrees that the fine will be non-dischargeable in any bankruptcy proceeding and that defendant will not seek or cause to be sought a discharge or a finding of dischargeability as to this obligation.

Mr. Lum Hawthorne
September 24, 2008
Page -4-

    The Company understands that the statements set forth above and the factual basis to be filed in the record represent defendant's entire agreement with the Government in the Eastern District of Louisiana and that there are no other agreements, letters or notations that will affect this agreement.

Very truly yours,
JIM LETTEN
UNITED STATES ATTORNEY

_____  9/24/08
Dorothy Manning Taylor
Assistant United States Attorney


ROCKY PIAGGIONE
Senior Counsel

_____  9/24/08
DAVID KEHOE
Senior Trial Attorney
United States Department of Justice
Environmental Crimes Section


CYPRESS BAYOU INDUSTRIAL PAINTING, INC.

By: _____  9/24/08
[Joseph C. Hawthorn]                 Date
Corporate Representative


_____  9/24/08
JOSEPH C. HAWTHORN              Date
Attorney for defendant